UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES FOX, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CV-476 |
| ) | (Jordan/Shirley) |
| EAGLE DISTRIBUTING CO., INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 18] of the Honorable Leon Jordan, United States District Judge, for disposition of Defendant's Motion to Quash Amended Notice of Depositions [Doc. 17].

The defendant Eagle Distributing Company, Inc. moves to quash the Amended Notice of Depositions [Doc. 15] filed by the plaintiff on June 16, 2006. For grounds, the defendant states that the plaintiff's deposition was set by agreement for June 27, 2006 and that the depositions of the defendant's representatives, which are referenced in the Amended Notice of Depositions, were set by agreement to begin on June 29, 2006. The defendant states that it is concerned that it will be unable to complete the plaintiff's deposition on June 27, 2006, due to the plaintiff's failure to fully respond to the defendant's requests for production of documents. The defendant states that it has filed the present motion as a "cautionary measure" because, in its words, "it believes it has the right to complete the deposition of the plaintiff prior to the deposition of any company representatives going forward on June 29, 2006." Accordingly, the defendant requests that, in the event that the

plaintiff does not comply with the defendant's document requests, the Amended Notice of Depositions of the defendant's representatives be quashed.

If the plaintiff's responses to the defendant's written discovery are indeed inadequate, the defendant should file an appropriate motion to compel. However, the plaintiff's failure to adequately respond to the defendant's written discovery does not serve as an adequate basis for postponing the deposition of the defendant's representatives, especially where these depositions have already been set by agreement. See Fed. R. Civ. P. 26(d) ("methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery"). Furthermore, the defendant has not stated any legal basis for its "belief" that it has the right to complete the plaintiff's deposition before its representatives are deposed. Finally, the Court notes that the defendant's motion is premature, as the defendant concedes in its motion that the motion was "filed as a cautionary measure in case problems develop regarding any of these issues next week." As no "problems" have yet risen, the defendant cannot be afforded any relief.

For these reasons, the Defendant's Motion to Quash Amended Notice of Depositions [Doc. 17] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge