IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


JAMES FOX,                          )
                                    )
          Plaintiff,                )
                                    )
v.                                  )          No.  3:05-cv-476
                                    )
EAGLE DISTRIBUTING CO., INC.,       )
                                    )
          Defendant.                )


## MEMORANDUM AND ORDER


          This civil action is before the court on the plaintiff's motion to

reconsider its ruling on the plaintiff's retaliatory discharge claim [doc. 75].  The

defendant has responded, and the motion is ripe for the court's consideration.[1]

For the following reasons, the motion will be denied.

          Although the plaintiff does not identify the basis of his motion, the

court agrees with the defendant that the motion may be properly characterized as

a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of

Procedure.  *See* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,

*Federal Practice and Procedure* § 2810.1 (1995) ("Rule 59(e) does, however,

include motions for reconsideration.").

---

[1]  The court notes that the quality of the parties' briefs on this motion for reconsideration were
remarkably better than the briefs filed with the motions for summary judgment.

> However, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law. The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that have been raised prior to the entry of judgment.

*Id.*

The court has reviewed the plaintiff's motion for reconsideration, and it appears that the basis for the motion is to correct a perceived error in the court's reasoning. Specifically, the plaintiff contends that the court erred in denying his motion for summary judgment on his retaliatory discharge claim. The plaintiff contends that the court mistakenly found that the plaintiff's complaints about his employer to other persons were not necessarily the type of protected activity that would trigger a claim for retaliation.

The plaintiff has failed to notice that the court assumed that the plaintiff had engaged in statutorily protected activity, but found that the plaintiff could not establish a causal connection between the protected activity and the adverse employment action. First, it must be noted that the content of the complaint which finally resulted in the plaintiff's termination was merely a

complaint about the company, more in the nature of garden variety "bellyaching." Todd Lawson stated in his deposition that the manager of the Pilot store told him that the plaintiff said he had a "ten million dollar lawsuit against, personal lawsuit she thought, against Bob [Winkel] and Mike Thomas, and it was something that would get their attention." As the defendant points out in its brief, "having and expressing a bad attitude is not protected activity."

Second, the statements reported to Todd Lawson were not the only basis for the plaintiff's termination. Bob Winkel testified that he had been receiving negative reports on the plaintiff for about a year before the plaintiff's employment was terminated. For example, one supervisor testified in his deposition that he would have fired the plaintiff in 2002 based on his statements that he did not want to be working for his employer and he was planning to leave.

Third, the plaintiff's termination occurred over three years after the plaintiff filed his discrimination claim, and it occurred only after he had been given a warning about customer complaints, the first of which had nothing to do with the plaintiff's discrimination claims. Further, the defendant correctly points out that the length of time between the discrimination claim and the plaintiff's termination was too long to attribute the termination to retaliation.

Having considered the plaintiff's motion for reconsideration, the court finds that there are no grounds to grant the relief sought. The court finds that

there was no clear error in its findings or conclusions of law.  Therefore, it is hereby **ORDERED** that the plaintiff's motion for reconsideration is **DENIED**.

ENTER:

_____ *s/ Leon Jordan* _____
United States District Judge